Jacob Arnwine, Appellant, and John A. Carroll, Respondent.

The case in Chanceryisreported *ante,* page 620.

*W. Halsted* for Appellant, and *P. D. Vroom* for Respondent.

The President, (Chancellor Williamson.) The bill alleges that on the 15th day of Sept., 1830, Elizabeth Arnwine, the mother of the appellant, and the grand-mother of the respondent, conveyed to the respondent a valuable tract of land in the township of Amwell, in the County of Hunterdon, of the value of six thousand dollars ; that the consideration of the said conveyance was the sum of two thousand dollars ; that this consideration money was not paid, but that at the time of the conveyance it was the agreement between the parties to it, that the grantee should pay the consideration money, upon and after the death of the grantor, to the appellant, in such sums and at such times as the appellant might require ; that in the mean time, until her death, the grantor should enjoy the possession of the property ; that the deed was delivered, and to secure to the grantor the possession until her death, the grantee executed to her a lease.

Elizabeth Arnwine is dead, and the complainant, by his bill, now calls for the payment of the consideration money of two thousand dollars.

This is the appellant's case, as it is made by the bill. It is fully denied by the answer, and the burthen of proving it rested, of course, upon the complainant in the bill. If the case is not proved, it is unnecessary to decide, whether, or how, the principles of law discussed on the argument are applicable to the case. Whether this is to be considered a trust, or what kind of a trust, or whether it should be in writing, are questions of no importance, in deciding this controversy, if the appellant has not proved his case.

It is evident that no monied consideration was paid by the

grantee for the conveyance. Connelees Lake drew the deed, at the request of the grantor, and witnessed its execution. He says, he put the consideration of $2,000 in the deed, at the grantor's request, but saw no money paid. At the time of the execution of the deed, John A. Carroll executed a lease for life, for the same land embraced in the deed, to Elizabeth Arnwine. These papers were exchanged between the parties to them. The subscribing witness testifies to nothing as to the consideration money, or how it was paid; nor, from his testimony, does it appear, that the name of the appellant, Jacob Arwine, was mentioned, at the time of the execution of the papers, except, that the witness says, that *about the time* of the execution of the deed, there was something said by the grantor, that Jacob should have something more than was given him by the will. The will was made nearly two years after the deed was executed. In his answer, the respondent admits, the consideration money mentioned in the deed was not paid, and avers its true consideration to have been natural love and affection. There is no positive evidence to prove this allegation, but there are strong corroborating circumstances to sustain it. The deed was immediately delivered on its execution. The grantor received from the grantee a lease for the premises during her life, and both went into possession. Two years afterwards, the grantor made her will, devising all her estate, real and personal, except six legacies, of five dollars each, to her grand-son, the grantee, and not mentioning the farm in her will. They lived together until the death of Mr. Arnwine, which was a period of seven years after the deed was executed; and we have the lease executed cotemporaneously with the deed, and the consideration money named in it, the sum of $2,000, corresponding with the sum in the deed as the consideration thereof. The appellant makes no effort to prove, by any one, that at the time of the execution of the deed, or of its delivery, there was any agreement as to the payment of the consideration monies of the character alleged in the bill.

The appellant, to support this allegation, so important to him, and which, indeed, is the foundation of his case, relies upon the declarations of Elizabeth Arnwine, made subsequent to the exe-

cution of the deed, in the presence of the respondent; and upon declarations and admissions made, in various ways, and at different times, by the respondent himself. There is considerable testimony of this character, but it all amounts to nothing, when submitted to a careful examination.

In reference to this testimony, it is to be noticed, in the first place, and as a matter of vital importance to its applicability and efficiency, that not a declaration of Elizabeth Arnwine, or a declaration, or admission, of the respondent, of any such promise or agreement on the part of the respondent as that alleged, was proved to have been made in connection with, or in reference to, the deed in question, or its consideration.

Take the testimony of Elizabeth Warford, the mother of the respondent, and of Margaret Snooks, the complainant's daughter. These are the important witnesses for the appellant. It was not argued by counsel, that the case could be sustained without their testimony.

Elizabeth Warford testifies, that she was at the bed-side of Elizabeth Arnwine at her last sickness. The respondent was there. She says: " Then she called defendant up to the bedside, and likewise called me to come and sit down by her, which I did. She told me, that she found defendant a little honry in little things that he was to do. Now, says she, he has promised to pay complainant two thousand dollars. She said, she was now at her last sickness; that she would never live to get well. She said to me, Betsy! I want you to see to him, (and defendant was present.) Defendant said, O! grand-mother, I will pay uncle Jacob two thousand dollars, honestly." In this conversation, not a word was said about the deed. No allusion was made to a deed; for, on the morning after Mrs. Arnwine's death, this witness expressed her surprise upon hearing from the respondent that he had the deed in question. A conversation between this witness and the respondent is relied upon. This conversation referred to the promise which the witness heard the respondent make to his grand-mother, and being reminded by her of that promise, not in a very kind way, he neither admitted or denied it. How can what this witness testifies to be construed

into a promise, or the admission of a promise, on the part of the respondent, *that the consideration of the deed was*, in whole, or in part, that he should pay to Jacob Arnwine the sum of two thousand dollars.

Margaret Snooks' testimony as to a promise on the part of respondent, is not as strong as that of Elizabeth Warford. Not one word was said in her presence, either by Elizabeth Arnwine, or Carroll, respecting the deed. If any such promise, as that testified to, by either Elizabeth Warford or Margaret Snooks, was made, it was a mere *nudum pactum*, and cannot be enforced either at law, or in equity. It falls very short of proving the case made by the bill, that the consideration of the deed was two thousand dollars, to be paid the appellant, upon, and after the death of his mother, in such sums as he might require.

A promise, by respondent, to pay the appellant two thousand dollars, or an admission of such a promise, is testified to by several witnesses ; but there is not one particle of, either positive or circumstantial evidence, to connect such promise, or admission, with the deed. The only circumstance, of any connection, or relationship, between the promise and the consideration expressed in the deed, is the fact, that there was a correspondence in the amount of money named. The consideration of the deed was $2,000. The promise was to pay $2,000. Admitting the promise, then, to be satisfactorily proved, it can entitle the appellant to no relief. To make out his case, upon which he relies, he must go a step further, and must prove, that the consideration of that promise was the deed, made and executed to John A. Carroll by Elizabeth Arnwine. Having failed in this, the Court is not called upon to determine, whether, if the case made by the bill had been proved, they could have afforded the appellant any relief in this suit.

The decree of the Chancellor must be affirmed, with costs ; and the record remitted, that the cause may be proceeded in according to law.

POTTS and OGDEN, Justices, and ARROWSMITH, RISLEY and WILLS, Judges, concurred in this opinion.

CORNELISON, HUYLER and VALENTINE, Judges, dissented.

Decree affirmed.